Rhoda OKUNIEFF, Plaintiff–Appellant,

v.

R. ROSENBERG, M.D., personally, Anne Skomorossky, M.D., personally, Lorraine Innes, M.D., personally, Stan Acrow, M.D., personally, Elizabeth Mirabello, M.D., personally, Jane Doe, personally,

Columbia Presbyterian Medical Center, Herbert Pardes, in his official capacity as head of the Department of Psychiatry of Columbia Presbyterian Medical Center, Defendants–Appellees.

No. 1065, Docket 98–7803.

United States Court of Appeals, Second Circuit.

Argued Jan. 13, 1999.

Decided Jan. 29, 1999.

William M. Brooks, Huntington, N.Y. (Mental Disability Law Clinic, Touro College, Jacob D. Fuchsberg Law Center, on the brief), for Plaintiff–Appellant.

Barry I. Levy, New York, N.Y. (Lewis Rosenberg, Angela Thompson–Tinsley, Shapiro, Beilly, Rosenberg, Albert & Fox, LLP, on the brief), for Appellee Richard Rosenberg, M.D.

Patricia D'Alvia, New York, N.Y. (Gregory J. Radomisli, Peter T. Crean, Martin, Clearwater & Bell, on the brief), for Remaining Appellees.

Before: JACOBS and SOTOMAYOR, Circuit Judges, and SAND, District Judge.*

* The Honorable Leonard B. Sand of the United States District Court for the Southern District of New York, sitting by designation.

PER CURIAM:

On May 5, 1996, Rhoda Okunieff was involuntarily committed to the psychiatric ward at Columbia Presbyterian Medical Center. After successfully challenging her confinement pursuant to § 9.31 of New York's Mental Hygiene Law, she was released on May 16, 1996. She then brought suit alleging, under 42 U.S.C. § 1983, that her physician, as well as Columbia Presbyterian and several of Columbia Presbyterian's employees—all private individuals or entities—had violated rights secured to her by the Fourth and Fourteenth Amendments to the Constitution. Okunieff's complaint also contained several state law causes of action.

The district court, granting the defendants' motion for summary judgment, dismissed Okunieff's § 1983 claim on the ground that the defendants are not state actors and that they therefore did not act under color of state law. *See Okunieff v. Rosenberg*, 996 F.Supp. 343, 348–58 (S.D.N.Y.1998). The court dismissed Okunieff's state law claims pursuant to 28 U.S.C. § 1367(c)(3) (1994). *See id.* at 358. On appeal, Okunieff challenges the district court's conclusion that the defendants are not state actors. She also challenges certain of the district court's discovery rulings.

On the question of whether the defendants acted under color of state law, we affirm for substantially the reasons set forth in the district court's comprehensive and scholarly opinion. We further conclude that the district court did not abuse its discretion in denying Okunieff the discovery she sought.

The judgment is therefore affirmed.