■ CHRISTOPHER LEWIS et al., Respondents, v STATE OF NEW YORK, Appellant. [636 NYS2d 165] —Spain, J. Appeal from a judgment of the Court of Claims (Benza, J.), entered January 19, 1995, upon a decision of the court in favor of claimants.

On October 30, 1988, claimant Christopher Lewis was a recalcitrant youth newly confined at a Division for Youth (hereinafter DFY) facility. Lewis was boarding a van with a group of similarly confined youths when he was involved in a minor altercation and removed to the rear of the line. At that point Lewis continued the argument with the other youth who was already on the bus and hit the bus and its windows with his hands. DFY aide Haywood Smith told Lewis to quiet down and to stop striking the bus. When Lewis ignored Smith, Smith physically moved Lewis' hand; thereafter the 130-pound Lewis and 235-pound Smith engaged in a heated argument during which Lewis directed profanity at Smith, pushed his body against Smith's body several times and refused to board the

van. Ultimately, to bring Lewis under "control", Smith executed a take-down maneuver which included bringing Lewis to the ground on his back and Smith landing on top of him. Lewis suffered an injury resulting in the commencement of this claim. After trial, the Court of Claims, finding that Smith did not follow all procedures required in the DFY policy manual regarding the use of physical force, determined that excessive force had been applied to Lewis resulting in his injuries and awarded damages. The State appeals.

The basis for the State's appeal is its contention that the Court of Claims erred in measuring the degree of force which was appropriate under the circumstances; the portion of the Court of Claims' determination awarding damages is not challenged in this appeal. In reviewing the decision, our inquiry is not limited to whether the verdict is against the weight of the evidence and we may factually assess whether the Court of Claims granted a judgment warranted by the evidence (*see, Freund v State of New York*, 137 AD2d 908, 909, *lv denied* 72 NY2d 802; *Cordts v State of New York*, 125 AD2d 746, 749-750). In so doing, we must give due deference to the decision of the trial court, which was in a better position to assess the evidence and the credibility of the witnesses (*see, Northern Westchester Professional Park Assocs. v Town of Bedford*, 60 NY2d 492, 499; *Saulpaugh v State of New York*, 132 AD2d 781, 782). Applying these standards and after reviewing the record as a whole, we find no basis to disturb the Court of Claims' conclusion that Lewis was sufficiently under control at the time of the incident and that the action taken by Smith in executing the take-down maneuver was therefore not necessary and, accordingly, constituted the negligent application of excessive force.

Cardona, P. J., White, Casey and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, with costs.