■ RICHARD R. PASSINO, Appellant, v STATE OF NEW YORK, Respondent. [689 NYS2d 258] —Carpinello, J. Appeal from judgment of the Court of Claims (Bell, J.), entered February 11, 1998, upon a decision of the court in favor of the State.

Claimant seeks to recover damages for injuries allegedly sustained when State Trooper Michael MacIntosh sprayed him with oleoresin capsicum (pepper spray) after he had been arrested for driving while intoxicated and refused to be handcuffed. Specifically, he claims that MacIntosh used excessive force. Following a trial, the Court of Claims dismissed the claim (175 Misc 2d 733). Claimant appeals, and we now affirm.

The use of pepper spray as a State Police compliance technique was described by MacIntosh to be a "level four use of force-defensive tactic[ ]". Indeed, it was established at trial that State Police guidelines governing the use of force to subdue an arrestee include six steps; namely, the physical presence of an officer, employment of a verbal command, placement of a hand on the arrestee, the use of pepper spray, the

use of physical force and the use of deadly physical force. Here, pepper spray was employed under the following circumstances.

In preparation for claimant's transport from one State Police barracks to another after his arrest, MacIntosh advised claimant—who was agitated and had just kicked the exterior door of the Keeseville State Police barracks—that he had to be handcuffed. In response, claimant defiantly placed his hands into his pockets. According to MacIntosh, claimant refused his two verbal requests for him to remove his hands. MacIntosh then placed a hand on claimant's elbow in an attempt to remove his hands, to no avail. He also showed him the pepper spray and warned that his failure to comply would result in its use. These efforts proved similarly fruitless. MacIntosh made three more verbal requests to comply, which were ignored, before administering pepper spray in claimant's face.

Significantly, claimant readily admitted at trial that he was increasingly agitated while at the Keeseville barracks, that he was asked to remove his hands from his pockets in order to be handcuffed and that the request "got [him] ticked off" and prompted him to swear at MacIntosh and another Trooper. Claimant further admitted that he refused to comply with MacIntosh's repeated requests and that MacIntosh warned him that he would be sprayed if he did not comply. Claimant's mother similarly confirmed these events. In our view, the Court of Claims did not err in dismissing the claim.

Claims that law enforcement personal used excessive force in the course of an arrest, investigatory stop or other prearraignment seizure are analyzed under the 4th Amendment and its standard of objective reasonableness (*see, Graham v Connor*, 490 US 386, 395; *see also, Higgins v City of Oneonta*, 208 AD2d 1067, 1070, *lv denied* 85 NY2d 803). Here, claimant had been lawfully arrested for driving while intoxicated, was agitated and exhibited belligerent behavior and refused repeated requests to remove his hands from his pocket to be handcuffed. MacIntosh followed State Police policy governing the use of force by complying with levels one through three of the guidelines before employing the use of pepper spray. Given these facts, we agree with the Court of Claims' conclusion that MacIntosh's use of the spray was objectively reasonable under the circumstances to effect control over claimant and did not constitute excessive force (*see generally, Monday v Oullette*, 118 F3d 1099; *Arnold v State of New York*, 108 AD2d 1021, *appeal dismissed* 65 NY2d 723).

Mercure, J. P., Peters, Spain and Graffeo, JJ., concur. Ordered that the judgment is affirmed, without costs. [*See,* 175 Misc 2d 733.]