■ THOMAS H. BURTON et al., Appellants, v STATE OF NEW YORK, Respondent. [726 NYS2d 481] —Carpinello, J. Appeal (transferred to this Court by order of the Appellate Division, Fourth Department) from a judgment of the Court of Claims (Lebous, J.), entered July 6, 1999, upon a decision of the court following a bifurcated trial in favor of the State on the issue of liability.

On the evening of July 3, 1993, claimant Thomas H. Burton (hereinafter claimant) was riding his newly purchased motor-

cycle in a northerly direction on Versailles Plank Road, a State maintained two-lane highway within the boundaries of the Cattaraugus Indian Reservation, when he came upon a section of the roadway that consisted of a compound curve, i.e., it first curved to the right (or in an easterly direction for a northbound traveler) and then it reversed to the left as the roadway returned to a northerly heading. This compound curve was marked by a reverse curve sign. Shortly after entering the first curve, claimant skidded, lost control of the motorcycle and was ejected, flying over its handlebars, landing on his head and tragically severing his spinal cord, thus rendering him a permanent quadriplegic. In a 1998 two-week nonjury trial before the Court of Claims, claimants and the State litigated the precise cause of the accident.

Claimants' experts testified that the State's signage on the highway in question was inadequate to properly warn claimant of the dangerous condition that he was about to encounter and that this inadequate signage was the proximate cause of the accident. Specifically, these experts opined that the State had failed to post a required speed advisory sign of 20 miles per hour prior to the first curve and that a reverse *turn* sign should have been posted in lieu of the reverse *curve* sign, the former indicating two sharp right-angle turns, as opposed to the more gradual reverse curves depicted in the latter. In addition, these experts also testified that the reverse curve sign actually posted by the State was not erected a sufficient distance in advance of the curve to give a motorist such as claimant, who was unfamiliar with the road, adequate time to react to the sign prior to entering the curve. They testified that all of these factors combined caused claimant to lose control of his motorcycle.

The State, on the other hand, offered evidence that immediately after the accident, claimant told at least four people that he had swerved to avoid a car coming from the opposite direction which had "cut him off," and that it was this other car that had, in fact, proximately caused the accident. Witnesses testified that claimant gave this explanation for the accident to an investigating police officer at the accident scene, to an emergency medical technician in the back of an ambulance as he was being transported from the scene, to a staff nurse in an emergency room of the hospital where he was first treated and to the emergency room physician at that hospital, all such statements having been made within minutes or hours of the accident. The State's expert witnesses, two motorcycle accident reconstruction experts, both testified that the skid marks on the road and the damage to the motorcycle were consistent

with claimant having intentionally swerved to the left to avoid an oncoming car.

In a detailed 37-page decision, the Court of Claims thoroughly summarized all of the trial testimony and found that, although the State was negligent in failing to properly sign the curve as required by its own work orders and the Manual for Uniform Traffic Control Devices, this negligence was not a proximate cause of the accident. Rather, in furtherance of its responsibility to evaluate the credibility of all of the trial testimony, the court found that the weight of the evidence was that claimant swerved to avoid an oncoming car. Thus, the court concluded that claimants had failed to sustain their burden of proving that "it was more likely or more reasonable" that the accident was caused by the negligence of the State (citing *Gayle v City of New York*, 92 NY2d 936), and it dismissed the claim. Because we believe that this determination of proximate causation is based on a fair interpretation of the evidence, we affirm.

While it is well settled that this Court has the authority to independently consider the weight of the evidence on an appeal in a nonjury case, deference is still afforded to the findings of the Court of Claims where, as here, they are based largely on credibility determinations (*see*, *Munno v State of New York*, 266 AD2d 694, 695; *Diaz v State of New York*, 256 AD2d 1010). Even after engaging in our own independent review of the record, we still find no basis to disagree with the court's findings, especially since we agree with its determination that the opinion of claimants' accident reconstruction expert should be discounted, predicated as it was upon a seriously erroneous recitation of the length of the skid mark as recorded in a police accident report. Under these circumstances, the ultimate determination of the Court of Claims that claimants failed to establish that the State's negligence was a contributing proximate cause of this terrible accident must be affirmed (*see*, *Roberts v State of New York*, 34 AD2d 1071, *lv denied* 27 NY2d 489; *see also*, *Bradley v State of New York*, 132 AD2d 816, 818). In so holding, we have not ignored claimants' considerable reliance on *Koester v State of New York* (90 AD2d 357). Although that case also involved a motorcycle accident which occurred under circumstances evincing the State's failure to post adequate signage, there was no mention in *Koester* of an entirely independent cause of the accident such as the oncoming car much testified to in the instant matter.

Lastly, we perceive no error in the trial court's provident exercise of its discretion in denying claimants' motion for a

mistrial based upon claimed inadequate expert witness disclosure. The testimony of the State's experts " 'was not so inconsistent with the information and opinions contained [in the expert witness disclosure], nor so misleading, as to warrant preclusion of the expert testimony or reversal' " (*Andaloro v Town of Ramapo*, 242 AD2d 354, 355, *lv denied* 91 NY2d 808, quoting *Hageman v Jacobson*, 202 AD2d 160, 161). Nor did the Court of Claims err in denying claimants' request for an adjournment for possible rebuttal testimony, especially since counsel did not identify either the nature of the anticipated rebuttal testimony or the manner in which denial of an opportunity to present such testimony would harm claimants' case (*see, Gobbelet v Hit Cycle Corp.*, 121 AD2d 682, 683).

Mercure, J. P., Crew III, Spain and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs.