NATHAN CIANCIOLA, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 94634.) [834 NYS2d 755]—

Appeal from a judgment of the Court of Claims (Nicholas V. Midey, Jr., J.), entered November 14, 2005 in a personal injury action. The judgment awarded claimant, after a trial, damages in the amount of $195,675.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Claimant commenced this action seeking damages for injuries he sustained when he attempted to negotiate a curve in the road while riding his motorcycle. Following a trial, the Court of Claims apportioned liability 75% to defendant based on its findings that defendant was negligent and that such negligence was a proximate cause of the accident. Contrary to defendant's contention, the court properly found that defendant's failure to post a speed limit advisory of 25 miles per hour was a proximate cause of the accident.

"Generally, the absence of a warning sign cannot be excluded as a cause of an ensuing accident unless it is found that the accident would nevertheless have happened. This finding can only be made if the driver's awareness of the physical conditions prescribed the same course of action as the warning sign would have, if the driver, by reason of his recollection of prior trips over the same road, 'actually had the danger in mind' as he ap-

proached it on the highway, or if other signs gave adequate warning of the danger" (*Koester v State of New York*, 90 AD2d 357, 362 [1982]). Here, the court was entitled to credit the testimony of claimant that he was driving at the posted speed limit of 30 miles per hour as he approached the curve, that he was unfamiliar with the road, and that he would have reduced his speed further in response to a speed advisory (*see generally Burton v State of New York*, 283 AD2d 875, 877 [2001]). The testimony of claimant and the photographs of the approach to the curve showing that a building blocked the view of its latter portion effectively rebutted defendant's theory at trial that the curve was plainly visible from a distance of over 800 feet (*cf. Stanford v State of New York*, 167 AD2d 381 [1990], *lv denied* 78 NY2d 856 [1991]). Present—Scudder, P.J., Smith, Centra, Fahey and Pine, JJ.