DIEGO BUSH, Appellant, v STATE OF NEW YORK, Respondent. [868 NYS2d 393]—

Carpinello, J. 

This action stems from a fight between claimant and Charles Cox while the two were residents of a state facility for youth. Claimant alleges that a facility staff member's use of excessive force in breaking up the fight caused injuries to his eye. Following a trial, the Court of Claims dismissed the claim finding no evidence of excessive force and no evidence that claimant's injury was actually caused by staff intervention in the fight. Claimant appeals, and we now affirm.

Under a policy governing defendant's residential youth facilities, a staff member may physically restrain a resident or use physical force to move a resident from one place to another under limited circumstances, including when necessary to protect others. When physical force is used, staff are required to employ the minimum amount necessary to bring the resident or situation under control and to take appropriate action utilizing the best approach available which poses minimum risk of injury to all involved. To be sure, excessive use of force is prohibited.

Here, claimant argues that the Court of Claims' dismissal of his claim is not warranted by the "credible evidence." While it is well settled that this Court has the authority to independently consider the weight of the evidence on an appeal in a nonjury case, deference is still accorded to the findings of the Court of Claims where, as here, they are based largely on credibility determinations (*see e.g. Burton v State of New York*, 283 AD2d 875, 877 [2001]; *Lewis v State of New York*, 223 AD2d 800, 801 [1996]). Upon our independent review of the record and giving due deference to the Court of Claims' assessment of the evidence and witness credibility, we find no basis to disturb its findings.

Evidence at trial revealed that the fight broke out in a recreation room of the facility. Indeed, by claimant's own account, the fight began when Cox gave him a surprise "sucker punch" to the side of his face. A staff member in the room at the time immediately called for assistance and then intervened by attempting to restrain Cox. As this staff member was attempting to subdue Cox, claimant continued to hurl wild punches in their direction. Another staff member rushed on the scene and grabbed claimant in an attempt to pull him away from the melee and restrain him. In the course of so doing, claimant ended up being pulled to the floor. With the combatants then separated, it became apparent that claimant was bleeding from a wound to his eye. Medical attention was promptly given.

Evidence at trial further revealed that, immediately after the incident, claimant reported that his injuries were caused by being punched by Cox. It was not until a few days later that he began claiming that his injuries were actually caused by hitting his face on a floor fan when thrust to the floor. Significantly, none of the involved staff members witnessed claimant strike his face on the fan during the incident. Moreover, claimant readily acknowledged during his testimony that he did not initially tell any counselor or member of the nursing staff that his injuries occurred as a result of hitting a fan or as a result of any conduct—intentional or otherwise—by this staff member. Finally, evidence at trial also established that three separate investigations were conducted into the incident, following which it was concluded that the subject staff member acted appropriately in attempting to control the situation and that excessive force was not used.

This evidence fully supports the Court of Claims' dismissal of the claim on the ground that the staff member's use of force during this fight was not unreasonable or excessive under the circumstances or in violation of any policy or procedure of defendant (*see Davis v State of New York*, 203 AD2d 234 [1994]; *see generally Passino v State of New York*, 260 AD2d 915 [1999], *lv denied* 93 NY2d 814 [1999]; *Wester v State of New York*, 247 AD2d 468 [1998]; *Arnold v State of New York*, 108 AD2d 1021 [1985], *appeal dismissed* 65 NY2d 723 [1985]; *cf. Lewis v State of New York*, 223 AD2d at 801). This evidence also fully supports the court's additional finding that the punches thrown during the fight itself and not staff member intervention caused claimant's injuries.

Mercure, J.P., Spain, Kane and Kavanagh, JJ., concur. Ordered that the judgment is affirmed, without costs.