■ Susannah Caldwell et al., Appellants, v State of New York, Respondent. [897 NYS2d 662]—

McCarthy, J. Appeal from a judgment of the Court of Claims (Ferreira, J.), entered February 17, 2009, upon a decision of the court in favor of defendant.

Claimant Susannah Caldwell (hereinafter claimant) is a quadriplegic, has cerebral palsy and uses a wheelchair. She participated in an adaptive ski program at Whiteface Mountain, operated by defendant, which assists individuals with disabilities in learning how to ski. On the day of her lesson, claimant arrived with her standby guardian and two friends. A ski instructor, trained and certified in adaptive ski instruction, reviewed an application that had previously been completed and faxed by the standby guardian. The instructor met claimant and spent 30 to 45 minutes conducting a physical evaluation, testing her strength and abilities, fitting her with proper equipment and instructing claimant indoors. They then moved outside and continued the instruction, including how to turn the bi-ski[1] by claimant moving her arms and how to fall safely in case of a roll over. The instructor asked claimant if there was anything she should be aware of, but claimant answered in the negative. Nothing arose during the instruction phases which caused the instructor to question whether claimant could use her arms properly. After several uneventful runs on two beginner slopes, claimant's bi-ski tipped over during their final run on another slope. Claimant's arm was fractured as a result of her fall. Claimants commenced this negligence action. Following a bifurcated trial, the Court of Claims dismissed the claim. Claimants appeal.

Defendant did not breach its duty to claimant. Claimants' main contention is that defendant was aware of claimant's moro reflex[2] in her left arm and was negligent because it failed to strap down her arms to protect her. Claimant Judith Burg, claimant's mother, testified that she listed the moro reflex and

1. A bi-ski is similar to a wheelchair on skis. An instructor or another individual helps control and steer the bi-ski with ropes tethered to the back of the equipment.

2. Moro reflex is a condition that causes an individual to involuntarily throw the afflicted arm outward in response to surprise or sudden motion.

the need to secure claimant's arm on the application form that she contends she sent to the director of Whiteface's adaptive ski program, and that she discussed it with him. The director denied receiving such a form from Burg and did not recall ever speaking with her. Claimants did not produce a completed copy of the form and defendant could not locate one in its records. The Court of Claims accepted the director's testimony, and we defer to that credibility determination (*see Shirvanion v State of New York*, 64 AD3d 1113, 1114 [2009]). The application form completed by claimant's standby guardian, which was received and relied upon by the director and instructor, did not mention moro reflex and stated that claimant was a spastic quadriplegic with the ability to use her arms and upper body. Considering the information on the form that defendant had, along with the instructor's observations during the lesson, claimants failed to prove that defendant acted unreasonably by not strapping down claimant's arms (*cf. Harris v State of New York*, 117 AD2d 298, 303-304 [1986]; *compare Dawn VV. v State of New York*, 47 AD3d 1048, 1050-1051 [2008]).

In addition, both the director and instructor testified that confining a skier's arms would be unreasonable and contrary to the goal of the program. Skiers use their arms to direct themselves and turn, and using their arms allows skiers to participate more fully in the sport. In fact, the instructor had never strapped down a skier's arms and saw no reason to do so with claimant. Under the circumstances, claimants failed to prove that defendant breached its duty to claimant.

Peters, J.P., Malone Jr., Kavanagh and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.