11-4134
Torres-Cuesta v. Berberich

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of February, two thousand thirteen.

**PRESENT:**
        **RALPH K. WINTER,**
        **ROSEMARY S. POOLER,**
        **DENNY CHIN,**
            *Circuit Judges.*

_____

**JULIANO TORRES-CUESTA,**

        *Plaintiff-Appellant*,

        **v.**                                  **11-4134**

**FRANCIS BERBERICH, NEW YORK POLICE DETECTIVE, JOHN DOES, UNKNOWN DRUG ENFORCEMENT ADMINISTRATION (DEA) AGENTS, EDWIN BENITEZ, DETECTIVE, ANDREW BUTORACH, UNITED STATES OF AMERICA,**

        *Defendants-Appellees*.

_____

**FOR PLAINTIFF-APPELLANT:**      Juliano Torres-Cuesta, *pro se*, Libson, Ohio.

**FOR DEFENDANTS-APPELLEES:**      Varuni Nelson, Scott R. Landau, Assistant
United States Attorneys *for* Loretta E.
Lynch, United States Attorney for the
Eastern District of New York, Brooklyn,
New York.

Appeal from a order of the United States District Court for the Eastern District of New York (Ross, *J*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Appellant Juliano Torres-Cuesta, proceeding *pro se*, appeals the district court's order, after a bench trial, in favor of Appellees.[1] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

In an appeal of the district court's decision after a bench trial, we review the district court's legal conclusions *de novo* and its findings of fact for clear error. *See Arch Ins. Co. v. Precision Stone, Inc.*, 584 F.3d 33, 38-39 (2d Cir. 2009). The clear error standard also applies when the district court concludes that the evidence is in equipoise. *See Boule v. Hutton*, 328 F.3d 84, 92-93 (2d Cir. 2003). This Court does not "second-guess either the trial court's credibility assessments or its choice among permissible competing inferences." *Amalfitano v. Rosenberg*, 533 F.3d 117, 123 (2d Cir. 2008) (internal quotation marks omitted). Mixed questions of law and fact are reviewed *de novo*. *See Roberts v. Royal Atlantic Corp.*, 542 F.3d 363, 367 (2d Cir. 2008). Furthermore, this Court is "extremely deferential," concerning

---

[1] Although no judgment appears on the docket, judgment was deemed entered on December 29, 2011, 150 days after filing of the district court's post-trial opinion and order dismissing Appellant's claims. *See* Fed. R. Civ. P. 58(c)(2)(B).

2

evidentiary determinations, *United States v. Quattrone*, 441 F.3d 153, 188 (2d Cir. 2006), and reviews such determinations for abuse of discretion, *see United States v. Malpeso*, 115 F.3d 155, 162 (2d Cir. 1997).

To prevail on a claim pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), a plaintiff must establish by a preponderance of the evidence that: (1) the defendant was acting under the color of federal law at the time of the alleged constitutional violation; (2) the defendant's conduct deprived the plaintiff of a right secured by the Constitution; and (3) the defendant's acts were the proximate cause of the damages sustained by the plaintiff. *See Taverez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995). Additionally, Federal Tort Claims Act claims are permitted where federal law enforcement officers are alleged to have committed assault or battery, 28 U.S.C. § 2680(h), and courts must apply the law of the state where the incident occurred, *see Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 478 (1994). To recover for assault in New York, the state where the incident occurred, a plaintiff must prove that defendant intentionally placed him "in fear of imminent harmful or offensive contact." *Girden v. Sandals Int'l*, 262 F.3d 195, 203 (2d Cir. 2001) (internal quotation marks omitted). To recover for battery, he must show that the defendant intentionally made "wrongful physical contact" with the plaintiff. *Id.* (quotation marks omitted). For both torts, the plaintiff must also show the defendant's conduct "was not reasonable within the meaning of the New York statute concerning justification for law enforcement's use of force in the course of performing their duties." *Nimely v. City of New York*, 414 F.3d 381, 391 (2d Cir. 2005).

Here, a clear error standard applies when the district court concludes that the evidence is in equipoise, *Boule*, 328 F.3d at 92-93, and "a finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (internal quotation marks omitted). The district court's finding that Torres-Cuesta did not meet his burden of proof in establishing excessive force is not clear error.

While under different circumstances, plaintiff's objectively credible injuries might be sufficient to prove that the appellees used excessive force, *see Maxwell v. City of New York*, 380 F.3d 106, 108 (2d Cir. 2004) (finding claims to survive summary judgment where the only injury alleged is bruising), here, we conclude that the district court did not err in finding "his injury does not tip the balance in either direction." Dist. Ct. Op. at 31 n.7. In the present case, plaintiff's testimony, as to other facts, created "concern that plaintiff embellished portions of his testimony." *Id.* at 31. Additionally, the evidence did not preclude the possibility that plaintiff sustained his neck injury through some other means. *Id.* at 31 n.7. Accordingly, where plaintiff's credibility was doubtful and the cause of injury was indefinite, we must find that the district court did not commit clear error in its weighing of the injury in the case at hand.

We have considered all of Torres-Cuesta's arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4