V.V. v State of New York (2025 NY Slip Op 51046(U))

[*1]

V.V. v State of New York

2025 NY Slip Op 51046(U)

Decided on June 10, 2025

Court Of Claims

Vargas, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 10, 2025
Court of Claims

V.V., an Infant by her Mother and Natural Guardian, 
 V.V., and V.V., Individually, Claimants,

against
The State of New York, Defendant.

Claim No. 134951

For Claimants: 
Elefterakis, Elefterakis & Panek 
By: Michael Gluck, Esq.
For Defendant:
Hon. Letitia James, Attorney General of the State of New York
By: Antonella Papaleo, Esq., Assistant Attorney General

Javier E. Vargas, J.

By Claim filed June 22, 2020, Claimant V.V., individually and on behalf of her daughter, V.V. (hereinafter "claimants"), commenced the instant action against Defendant, State of New York (hereinafter "State"), seeking to recover damages for personal injuries for false imprisonment, failure to intervene, assault and battery, allegedly resulting from their encounter with State Park Police on June 9, 2018, at the East River State Park in Brooklyn, New York. The State filed its Verified Amended Answer on July 15, 2020, denying most of the allegations in the Claim and asserting several affirmative defenses, including that the actions taken by the State agents and/or employees were privileged as being discretionary determinations within the scope of their employment. Discovery proceedings, motion practice, preliminary and status conferences ensued before Court of Claims Judge Judith A. Hard. The Note of Issue was filed on October 26, 2021.[FN1]

By Decision and Order filed March 27, 2024, the Court of Claims (Shillingford, J.) [*2]granted in part the State's motion for summary judgment dismissing the causes of action for false imprisonment and failure to intervene, but denied the motion with respect to the assault and battery claims derived from the incident, as raising triable issues of fact (see V.V. v State of New York, Claim No. 134951, M-99000 [Ct Cl, Shillingford, J., Mar. 25, 2024]). Judge Shillingford conducted a virtual Pretrial Conference on April 23, 2025, wherein counsel agreed to certain documents, witness lists and videos of the incident being entered into evidence on consent.
Following transfer, the undersigned presided over a bifurcated trial on this Claim, addressing liability issues only, from June 2 to June 5, 2025. In the case in chief, Ms. V. provided her testimonial and documentary evidence, as well as that of an eyewitness, Galina Urman, and the State Park Police Officers involved in the encounter, former Officer Lynn Kerwin and Sgt. Justin LaValley, which were cross-examined by the State. Upon claimants resting their case, the State made an oral motion to dismiss for failure to establish a prima facie case of assault and battery, claimant opposed, and the Court reserved decision. On its behalf, the State then offered the testimony of another eyewitness with a different impression on the incident, Jason Kovacic, and its expert witness, State Park Sgt. Adam M. DiVincenzo. After resting their cases, the parties also summed up at the conclusion of the trial.
Following a recess to deliberate, the undersigned rendered a decision on the record in open court granting the State's trial motion to dismiss the Claim, finding that claimant failed to credibly establish by a fair preponderance of the evidence an unjustified and wrongful assault and battery by the Park Officers (see Wormuth v State of New York, UID No. 2010-018-113 [Ct Cl, Fitzpatrick, J., Apr. 13, 2010]; Shirvanion v State of New York, UID No. 2008-040-015 [Ct Cl, McCarthy, J., Mar. 31, 2008]; Decker v State of New York, UID No. 2005-018-457 [Ct Cl, Fitzpatrick, J., Mar. 14, 2005]). Under New York law, an assault is an intentional placing of another person "in fear of imminent harmful or offensive contact," while battery refers to an intentional "wrongful physical contact" of another person without consent (Girden v Sandals Intern., 262 F3d 195, 203 [2d Cir 2001]; see Leibovitz v State of New York, 2023 NY Slip Op 51366[U] [Ct Cl, 2023]). 
However, it is well established that "[f]or both torts, the [claimant] must also show the defendant's conduct 'was not reasonable within the meaning of the New York statute concerning justification for law enforcement's use of force in the course of performing their duties'" (Torres-Cuesta v Berberich, 511 Fed Appx 89, 91 [2d Cir 2013], cert denied 134 S Ct 370 [2013], quoting Nimely v City of New York, 414 F3d 381, 391 [2d Cir 2005]; see Passino v State of New York, 260 AD2d 915, 916 [3d Dept 1999], lv denied 93 NY2d 814 [1999]; 2 NY PJI 3:4 [2025]). That inquiry, consistent with the Fourth Amendment of the U.S. Constitution's protection against unreasonable searches and seizures, requires a "reasonableness" examination of the "totality of the circumstances" involving the stop, arrest and use of force (County of Los Angeles v Mendez, 581 US 420, 427-428 [2017]; see Graham v Connor, 490 US 386, 396-397 [1989]), which the U.S. Supreme Court recently defined as "all the relevant circumstances, including facts and events leading up to the climatic moment" without a time limitation (Barnes v Felix, 605 US —, Slip Op at 4 [2025]).
The Park Officers here, who are charged with the task of providing a pleasant recreational experience to visitors while maintaining order in State Parks, sometimes under stressful circumstances (see Graham v Connor, 490 US at 397; Arteaga v State of New York, 72 NY2d [*3]212 [1988]), were more credible and unequivocal in their recitation of the facts of claimant's violation of the dog regulations underlying their justified use of force, than claimant's misperceptions of a wrongful assault and battery. Contrary to claimant's contentions, this Court finds that the Park Officers followed the applicable New York State Park Police Manual, Articles 11A and 19A by, inter alia, patiently and courteously explaining to her that the presence of her dog left unattended tied to a pole was a park violation, the need for her identification, and then trying to get the "still-unhandcuffed and noncompliant" claimant to comply with their requests (V.V. v Kirwan, 18-CV-6858 [EDNY, Kovner, J., Sept. 20, 2022]; see New York State Police Policy Manual, 9 NYCRR § 300.3). The State expert credibly explained that the partial handcuffing of claimant created a dangerous situation where the cuffs could be employed as a weapon to hurt herself or the Park Officers and that, in fact, insufficient force was used to fully handcuff and detain her. 
Indeed, the Park Officers' testimonies were fully supported by the State expert, documentary and video evidence admitted into evidence on consent, clearly showing claimant passively ignoring then agressively resisting, twisting, kicking and attempting to push away from the officers, thereby appearing to commit even more violations of park regulations than the dog prohibition. That disregard and disrespect for the Officers was further evident in claimant's undisputed failure to leave the park immediately after the scuffle, instead remaining there with her daughter and prohibited dog while commiserating with other patrons and arranging for their videos to be sent to her. Under the totality of the relevant circumstances, this Court finds that claimant's assault and battery claims fail because the Park Officers actions were "objectively reasonable under the circumstances to effect control over claimant and did not constitute excessive force" (Passino v State of New York, 260 AD2d at 916; see Avella v State of New York, UID No. 2010-033-603 [Ct Cl, Lack J., April 22, 2010]; Leibovitz v State of New York, 2023 NY Slip Op 51366[U]). 
Therefore, in accordance with the decision placed on the record in open court, the Court grants the State's oral motion to dismiss, and hereby dismisses Claim No. 134951 in its entirety. All objections upon which the Court reserved determination during the trial are now overruled, and any motions and cross-motions currently pending are denied as moot. Let judgment be entered accordingly.
New York, New York
June 10, 2025
Hon. JAVIER E. VARGAS
Judge of the Court of Claims

Footnotes

Footnote 1:Although initially assigned to Judge Hard, the matter was transferred by Order (Sise, P.J.) filed July 13, 2021, to the Hon. Linda Mejias-Glover. However, upon her transfer to the Court of Claims, Hauppauge, NY, the matter was transferred by Order (Sise, P.J.), filed August 3, 2023, to the Hon. Ruth Shillingford of this Court. Thereafter, Presiding Judge Sise transferred the case to the undersigned for all purposes.