■ CARL WELLS, Appellant, v STATE OF NEW YORK, Respondent. [644 NYS2d 526]

The claimant sustained a fracture of the left humerus in April 1989 as the result of a motor vehicle accident. At that time he underwent open reduction surgery and insertion of a fixation rod. Thereafter, in March 1990 the claimant was incarcerated and is currently serving time for armed robbery. The claimant maintains that the defendant's failure to provide appropriate and timely medical attention and treatment constituted malpractice and negligence and that as a result, he sustained a permanent partial loss of use of his left arm.

At the time of trial, the claimant did not present any expert medical testimony in support of his contentions. In the absence of expert testimony, the court dismissed the claimant's claim for failure to present evidence to establish malpractice. We now affirm.

Where medical issues are not within the ordinary experience and knowledge of lay persons, expert medical opinion is a required element of a prima facie case of medical malpractice *(see, Ferretti v Town of Greenburgh,* 191 AD2d 608, 611). If the claimant fails to present expert medical opinion in support of the claim, the claim must be dismissed *(see, Romano v St. Vincent's Med. Ctr.,* 178 AD2d 467, 470).

Here, the claimant's contentions were wholly unsupported by expert medical testimony. In lieu of testimony, the claimant relied on a copy of the medical report of a treating physician, in which he stated "[A]fter the [1989] surgery, secondary to poor followup arrangements, patient developed a nonunion with some migration of the hardware in the area of the fracture site". However, this statement alone is insufficient to establish a prima facie case.

We have reviewed the claimant's remaining contentions and find them to be without merit. Mangano, P. J., Sullivan, Altman and Hart, JJ., concur.