Timothy McDonald, Appellant, v State of New York, Respondent. (Claim No. 105357.) [787 NYS2d 597]—

Appeal from a judgment of the Court of Claims (Edgar C. NeMoyer, J.), entered December 12, 2002. The judgment granted defendant's motion to dismiss the claim.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Contrary to the contention of claimant, the Court of Claims properly dismissed his claim based on his failure to present expert medical evidence. Because the claim " 'substantially related to medical diagnosis and treatment, the action it gives rise to is by definition one for medical malpractice rather than for simple negligence' " (*Russo v Shah*, 278 AD2d 474, 475 [2000]; *see Harrington v St. Mary's Hosp.*, 280 AD2d 912 [2001], *lv denied* 96 NY2d 710 [2001]). Claimant's allegation that the lack of medical treatment resulted in claimant's need for surgery is an allegation concerning the medical consequences of the lack of treatment and is an allegation that is not "within the ordinary experience and knowledge of laypersons" (*Mosberg v Elahi*, 80 NY2d 941, 942 [1992]). Expert medical opinion evidence was therefore required (*see id.*; *Ferretti v Town of Greenburgh*, 191 AD2d 608, 611 [1993], *appeal dismissed* 82 NY2d 748 [1993], *lv denied* 82 NY2d 662 [1993]; *Weiss v Zuckerman*, 114 AD2d 895 [1985]). Present—Pine, J.P., Hurlbutt, Scudder, Gorski and Hayes, JJ.