◼ Louis Tatta, Appellant, v State of New York, Respondent. [797 NYS2d 588]—

Peters, J. Appeal from a judgment of the Court of Claims

---

(Lack, J.), entered January 27, 2004, which granted defendant's motion to dismiss the claim.

Claimant, an inmate at a state correctional facility, was receiving treatment for serious medical conditions. As a side effect, he experienced an intermittent loss of appetite. To compensate for a potential nutritional loss, defendant prescribed a supplement called Ensure and instructed claimant to take it three times a day. Although Ensure is available to the general public without a prescription, defendant only distributes this supplement to its inmates by prescription, with each portion having to be specifically requested from a nurse in the medical unit. Claimant alleges that despite his request, he was denied one or more of these supplements on seven separate dates in June 2001 due to the facility's shortage of supply. Contending that the denial of the supplement "deplete[d]" his immune system and "accelerate[d]" his condition, claimant commenced this negligence action alleging that defendant's failure to properly stock and distribute Ensure caused him weight loss, fatigue, dizziness, anxiety, dementia, headaches and emotional stress.

At the hearing, claimant testified to the lack of supply on the dates indicated. Although he claimed that the unavailability of the supplement affected his health, he introduced no expert testimony or other medical evidence to support those assertions. Defendant proffered the testimony of Robin Riordan, the nurse administrator, to confirm that while claimant did not receive Ensure on some of the dates in question due to a shortage in supply, on most occasions claimant failed to come to the medical unit to request the supplement. At the close of proof, defendant moved to dismiss the claim and the Court of Claims granted the motion. Claimant appeals.

We affirm. Whether the claim is grounded in negligence or medical malpractice, "[w]here medical issues are not within the ordinary experience and knowledge of lay persons, expert medical opinion is a required element of a prima facie case" (*Wells v State of New York*, 228 AD2d 581, 582 [1996], *lv denied* 88 NY2d 814 [1996]; *see Duffen v State of New York*, 245 AD2d 653, 653-654 [1997], *lv denied* 91 NY2d 810 [1998]). With it evident that claimant was contending that the lack of his nutritional supplement contributed to an overall deterioration of his health and immune system, the failure to present any testimony on the effects that the alleged deprivation had on his condition was fatal since such facts are outside the ordinary experience and knowledge of a layperson; plaintiff's speculation as well as his conclusory statements were inadequate (*see Henry v Cobleskill-Richmondville Cent. School Dist.*, 13 AD3d 968, 970 [2004]; *Martin v Wilson Mem. Hosp.*, 2 AD3d 938, 939 [2003]).

Nor do we find sufficient evidence to support the further claim that defendant exhibited a deliberate indifference to claimant's medical needs by its failure to maintain a consistent supply of Ensure. While "[a] prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment" (*Farmer v Brennan*, 511 US 825, 828 [1994]), liability may not be imposed for the denial of humane conditions during confinement "unless the official knows of and disregards an excessive risk to inmate health or safety" (*id.* at 837). Recognizing that the Court of Claims did not rule on this issue, we find that defendant was actively treating claimant's medical conditions and had prescribed Ensure to counteract a potential lack of nutritional intake. However, when that supplement was not available, claimant had access to the meals provided to the other inmates. For all of these reasons, we cannot find that defendant exhibited a deliberate indifference to claimant's medical needs by disregarding an excessive risk to his health. Accordingly, we affirm.

Crew III, J.P., Spain, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.