■■ ROBERT JAMIE LOWE, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 104523.) [827 NYS2d 798]—

Appeal from a judgment of the Court of Claims (Nicholas V. Midey, Jr., J.), entered August 2, 2005. The judgment, after a nonjury trial, dismissed the claim.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Claimant, an inmate in a correctional facility, commenced this negligence and medical malpractice action alleging that defendant, State of New York (State), failed to diagnose and treat his bilateral cholesteatoma in a timely manner, resulting in permanent hearing loss in his right ear and signifi-

cant impairment in his left ear. The Court of Claims properly dismissed the claim after trial. "[T]he State owes a duty to provide medical care and treatment to its prisoners, which duty has been defined in terms of both negligence . . . and medical malpractice" (*Kagan v State of New York*, 221 AD2d 7, 16 [1996]). Under both theories, however, claimant must establish that the negligence of the State or the State's deviation from the accepted standard of care was the proximate cause of the claimant's injuries (*see Bennett v State of New York*, 31 AD3d 1069 [2006]; *Kagan*, 221 AD2d at 11, 16-17). Here, the court found that the State's delay in obtaining an ENT consult for claimant was unreasonable and not within the standards of accepted medical practice. The court further found, however, that the delay in treatment was not the proximate or aggravating cause of claimant's hearing loss. Contrary to claimant's contention, that finding is not against the weight of the evidence (*see Burton v State of New York*, 283 AD2d 875, 877 [2001]). Present—Martoche, J.P., Smith, Centra and Green, JJ. [*See* 9 Misc 3d 1128(A), 2005 NY Slip Op 51830(U) (2005).]