David Wood, Respondent, v State of New York, Appellant. (Claim No. 105970.) [846 NYS2d 717]—

Rose, J. Appeal from a judgment of the Court of Claims (Hard, J.), entered May 25, 2006, upon a decision of the court in favor of claimant.

Claimant, an inmate, commenced this action alleging that defendant failed to properly diagnose and treat a leg fracture he sustained while working in a correctional facility laundry room. After trial, the Court of Claims concluded that claimant proved his claim that he had been provided with improperly sized crutches despite a lack of expert medical evidence, because defendant's nursing staff had admitted in a medical record that the crutches were too short. On that basis, characterizing the claim as sounding in "medical negligence," rather than malpractice, the court awarded claimant $100 for each day that he had to ambulate without properly sized crutches. Defendant now appeals, contending that expert medical evidence was required to establish this claim. We agree.

Under either theory, "[w]here medical issues are not within the ordinary experience and knowledge of lay persons, expert medical opinion is . . . required" to establish that defendant's alleged negligence or deviation from an accepted standard of care caused or contributed to claimant's injuries (*Wells v State of New York*, 228 AD2d 581, 582 [1996], *lv denied* 88 NY2d 814 [1996]; *see Bennett v State of New York*, 31 AD3d 1069, 1070 [2006]; *Tatta v State of New York*, 19 AD3d 817, 818 [2005], *lv denied* 5 NY3d 712 [2005]; *Duffen v State of New York*, 245 AD2d 653, 653-654 [1997], *lv denied* 91 NY2d 810 [1998]). Here, even if we were to assume that the crutches were too short, the medical record also notes that "crutches [are] not medically necessary," and there is no evidence that the crutches provided were a proximate cause of claimant's injuries. Claimant's failure to present expert testimony as to the effects of the crutches upon his medical condition was fatal since such information lies outside the experience and knowledge of a layperson (*see Trottie v State of New York*, 39 AD3d 1094, 1095 [2007]; *Tatta v State of*

*New York,* 19 AD3d at 818; *see also Lowe v State of New York,* 35 AD3d 1281, 1282 [2006]).

Cardona, P.J., Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and claim dismissed.