■ Kenneth Myers, Appellant, v State of New York, Respondent. [846 NYS2d 923]—

Spain, J. Appeal from a judgment of the Court of Claims (Marin, J.), entered January 9, 2004, upon a decision of the court in favor of defendant.

Claimant, an inmate, contends that medical personnel at Sullivan Correctional Facility in Sullivan County erred in the treatment of his knee injury by delaying necessary surgery. Specifically, claimant alleges that he was required to undergo physical therapy, which he contends worsened his condition, instead of knee surgery, despite the medical personnel's knowledge that he had a foreign object lodged in his knee. Following a trial, at

which claimant was his only witness, the Court of Claims—in a written decision—dismissed the claim. Claimant now appeals.

We affirm. "Whether the claim is grounded in negligence or medical malpractice, '[w]here medical issues are not within the ordinary experience and knowledge of lay persons, expert medical testimony is a required element of a prima facie case' " (*Tatta v State of New York*, 19 AD3d 817, 818 [2005], *lv denied* 5 NY3d 712 [2005], quoting *Wells v State of New York*, 228 AD2d 581, 582 [1996], *lv denied* 88 NY2d 814 [1996]); *see Trottie v State of New York*, 39 AD3d 1094, 1095 [2007]). As claimant failed to present expert testimony that ordering physical therapy, instead of surgery, or any other aspect of his medical care deviated from the appropriate standard of care, his claim was properly dismissed (*see Trottie v State of New York*, 39 AD3d at 1095).

Crew III, J.P., Peters, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs.