*629
SUMMARY ORDER

Loren Hogan appeals from an order of the U.S. District Court for the Northern District of New York (Peebles, M.J.) granting summary judgment in favor of defendants-appellees A.O. Fox Memorial Hospital, Dr. Charles Rocci, and Dr. Rodolfo Ongjoco, and denying her cross-motion for summary judgment. We assume the parties’ familiarity with the underlying facts,' the procedural history, and the issues presented for review.
A grant of summary judgment is reviewed de novo. Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc., 448 F.3d 573, 579 (2d Cir.2006). “[Sjummary judgment is appropriate where there exists no genuine issue of material fact and, based on the undisputed facts, the moving party is entitled to judgment as a matter of law.” Id. (internal quotation marks omitted).
Hogan argues under 42 U.S.C. § 1983 that the defendants violated her Fourteenth Amendment equal protection and due process rights when they involuntarily committed her for emergency psychiatric care. Hogan also brings a medical malpractice claim under New York law.
To survive summary judgment on her § 1983 claims, Hogan must establish, inter alia, that the defendants are state actors. See Jackson v. Metro. Edison Co., 419 U.S. 345, 349, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974). The conduct of private actors can be attributed to the State for this purpose if (1) the State compelled the conduct, (2) there is a sufficiently close nexus between the State and the private conduct, or (3) the private conduct consisted of activity that has traditionally been the exclusive prerogative of the State. See Sybalski v. Indep. Group Home Living Program, Inc., 546 F.3d 255, 257 (2d Cir.2008).
Fox Hospital is a private hospital; Dr. Ongjoco is a private physician; and their conduct does not fall within any of the tests for determining when private conduct can be attributed to the State. See Okunieff v. Rosenberg, 996 F.Supp. 343 (S.D.N.Y.1998), aff'd 166 F.3d 507 (2d Cir.1999). Hogan argues, however, that Okunieff does not control our analysis here, citing factual differences. While Okunieff differs factually from this case, we conclude that, for purposes of the state-action analysis as applied to these two defendants, the differences are immaterial. Accordingly, we affirm the entry of judgment in their favor.
It is a much closer question whether Dr. Rocci is a state actor, as he is both a private physician and a medical designee of the county director of community services. Moreover, it was Dr. Rocci who, in his role as medical designee, signed the transport order requiring local law enforcement officers to bring Hogan to the hospital for evaluation. However, even assuming arguendo that he is a state actor, we affirm on the ground that Hogan’s claims against Dr. Rocci lack merit.
To state an equal protection claim, a plaintiff must establish differential treatment that resulted from intentional and unlawful discrimination. Phillips v. Girdich, 408 F.3d 124, 129 (2d Cir.2005). Hogan contends that she was discriminated against on the basis of her physical disability and that such discrimination lacked any rational relationship to a legitimate government purpose. Hogan, however, offers no evidence, nor does she argue that others similarly situated were treated differently.
To prevail on her due process claim, Hogan must establish that the State deprived her of a property interest or a *630 liberty interest without constitutionally sufficient process. See Mehta v. Surles, 905 F.2d 595, 598 (2d Cir.1990). In the context of involuntary commitment, and as relevant to this case, due process is satisfied if the defendants acted in accordance with generally accepted medical practices. See Rodriguez v. City of N.Y., 72 F.3d 1051, 1061 (2d Cir.1995). Hogan’s due process argument is that the defendants failed to examine her personally before recommending her involuntary commitment to the hospital. Hogan, however, offers no evidence as to the generally accepted medical practices applicable to a physician’s recommendation of involuntary commitment, and this is not the rare case in which such evidence is unnecessary. See Olivier v. Robert L. Yeager Mental Health Ctr., 398 F.3d 183, 190 (2d Cir.2005).
Finally, we consider any substantive due process claim to be waived. No substantive due process challenge appears in the operative complaint, nor does Hogan offer a discernible substantive due process argument on appeal.
For the foregoing reasons, we affirm the dismissal of Hogan’s constitutional claims against Dr. Roed.
[2] Hogan’s other claim is that the defendants committed medical malpractice by involuntarily committing her without first personally examining her. Under New York law, a medical malpractice plaintiff must establish (1) the standard of care where the treatment occurred, (2) that the defendant breached the standard of care, and (3) that this breach proximately caused the injury. See Texter v. Middletown Dialysis Ctr., Inc., 22 A.D.3d 831, 803 N.Y.S.2d 687 (2d Dep’t 2005). To prove the standard of care, a plaintiff must present expert medical evidence, unless the malpractice was so obvious that such evidence is unnecessary. Tatta v. State, 19 A.D.3d 817, 797 N.Y.S.2d 588 (3d Dep’t 2005).
Plaintiff offered no expert testimony on the standard of care (whereas the defendants submitted expert medical testimony that they acted consistent with sound medical practice). This is not a case in which malpractice is so obvious that such evidence is unnecessary. Separately, Hogan also failed to offer evidence that the defendants’ malpractice, if any, constituted the proximate cause of her injury. Accordingly, Hogan’s malpractice claim was properly dismissed.
Finding no merit in Hogan’s remaining arguments, the judgment of the district court is AFFIRMED.