██ Kathleen P. Smith, Appellant, v Pauline Maloney, Respondent. [936 NYS2d 791]—

Malone Jr., J.

"In a trip and fall case, [a] plaintiff's inability to identify the cause of his or her fall is fatal to his or her cause of action, since, in that instance, the trier of fact would be required to base a finding of proximate cause upon nothing more than speculation" (*Boudreau-Grillo v Ramirez*, 74 AD3d 1265, 1267 [2010] [internal quotation marks and citations omitted]; *see Louman v Town of Greenburgh*, 60 AD3d 915, 916 [2009]). The record here reveals that the walkway on which plaintiff allegedly tripped and fell was not obviously defective and that plaintiff was unable to identify the cause of her fall. At her deposition, plaintiff admitted that she did not know what had caused her to fall and indicated that she was unsure that she actually tripped on anything, although she "imagine[d]" that she tripped on the edge of the walkway. When asked if her shoe had caught on something, plaintiff admitted that she had "no idea" and did not remember feeling her foot come into contact with anything before she fell. On this record, we agree with Supreme Court that a jury would be required to speculate as to the cause of plaintiff's fall. Accordingly, summary judgment was appropriate (*see Dalinedesroches v Lazard*, 70 AD3d 626 [2010]; *see also Norse v Saratoga Harness Racing, Inc.*, 81 AD3d 1063, 1063-1064 [2011]).

Spain, J.P., Lahtinen, Stein and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs.