# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**299**
**CA 11-00215**
PRESENT: CENTRA, J.P., CARNI, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

ISIDRO ABASCAL, CLAIMANT-APPELLANT,

V                                                    MEMORANDUM AND ORDER

STATE OF NEW YORK, DEFENDANT-RESPONDENT.
(CLAIM NO. 113160.)

---

ISIDRO ABASCAL, CLAIMANT-APPELLANT PRO SE.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (FRANK K. WALSH OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from a judgment of the Court of Claims (Norman I. Siegel, J.), dated January 20, 2011. The judgment dismissed the claim after trial.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Claimant commenced this action seeking damages for injuries he allegedly sustained as a result of a prostate examination performed at the correctional facility where he was incarcerated. Contrary to the contention of claimant, the Court of Claims properly dismissed his claim based on his failure to present expert medical evidence. Claimant, "like any medical malpractice plaintiff, [alleges that] he was injured because a doctor failed to perform competently a procedure requiring the doctor's specialized skill" (*Bazakos v Lewis*, 12 NY3d 631, 634; *see generally Weiner v Lenox Hill Hosp*., 88 NY2d 784, 787-788; *Toepp v Myers Community Hosp*., 280 AD2d 921). "Because the claim 'substantially related to medical diagnosis and treatment, the action it gives rise to is by definition one for medical malpractice rather than for simple negligence' " (*McDonald v State of New York*, 13 AD3d 1199, 1200; *see Weiner*, 88 NY2d at 788). Further, claimant's allegation that defendant deviated from an accepted standard of care in performing the prostate examination raises medical issues that are not "within the ordinary experience and knowledge of laypersons" (*Mosberg v Elahi*, 80 NY2d 941, 942; *see Wood v State of New York*, 45 AD3d 1198; *Tatta v State of New York*, 19 AD3d 817, 818, *lv denied* 5 NY3d 712). Thus, contrary to claimant's contention, expert medical evidence was required (*see Mosberg*, 80 NY2d at 942; *Wood*, 45 AD3d 1198; *McDonald*, 13 AD3d at 1200).

Entered: March 16, 2012                          Frances E. Cafarell
                                                 Clerk of the Court