# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**480**

**CA 11-01784**

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

ELBERT WELCH, CLAIMANT-APPELLANT,

V                                                   MEMORANDUM AND ORDER

STATE OF NEW YORK, DEFENDANT-RESPONDENT.
(CLAIM NO. 113903.)

---

ELBERT WELCH, CLAIMANT-APPELLANT PRO SE.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (JULIE M. SHERIDAN OF COUNSEL), FOR DEFENDANT-RESPONDENT.

--------------------------------------------------------------------------------

Appeal from an order of the Court of Claims (Philip J. Patti, J.), entered July 7, 2011. The order, insofar as appealed from, denied the motion of claimant for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Claimant, an inmate at a correctional facility, commenced this medical malpractice action alleging that various employees of defendant and the Niagara County jail failed to diagnose and treat him for hepatitis C. We conclude that the Court of Claims properly denied claimant's motion for summary judgment inasmuch as he failed to "make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853). Specifically, claimant failed to submit the affidavit of a medical expert stating that, with a reasonable degree of medical certainty, the expert believed that defendant's failure to diagnose and treat claimant in a proper manner was a " 'deviation[] from the accepted standard of medical practice and [was a] substantial factor[] in causing the late diagnosis and progression' " of claimant's hepatitis C (*Rivera v State of New York*, 19 AD3d 1030, 1031). Contrary to claimant's contention, the medical issues are not within the ordinary experience and knowledge of lay persons, and thus the opinion of a medical expert is required to establish that defendant's alleged negligence or deviation from an accepted standard of care caused or contributed to claimant's injuries (*see Wood v State of New York*, 45 AD3d 1198). Finally, claimant's contention that the court erred in denying his motion to strike the affidavit of defendant's medical expert is not properly before us on this appeal by claimant from the order entered July 7, 2011, which denied claimant's motion for summary judgment (*see State Farm Mut. Auto. Ins. Cos. v Jaenecke*,

81 AD3d 1474, 1475, *lv denied* 17 NY3d 701).