Devine, J.
Appeal from a judgment of the Court of Claims (Marin, J.), entered January 22, 2013, upon a decision of the court in favor of defendant.
Claimant, an inmate, commenced this action alleging, among other things, that defendant failed to render proper medical care and treatment when it decided that he no longer required the use of a cane and confiscated it and that, as a result of such negligence, claimant fell and sustained personal injuries. Following a trial, the Court of Claims determined that claimant had failed to provide competent evidence to support his claim and, therefore, dismissed it. Claimant appeals, and we affirm.
Where an inmate alleges that defendant abdicated its duty to provide adequate medical care, he or she must present competent evidence demonstrating defendant’s common-law negligence or that it departed from accepted standards of care and that such deviation was the proximate cause of the sustained injuries (see Lowe v State of New York, 35 AD3d 1281, 1282 [2006]). “Whether the claim is grounded in negligence or medical malpractice, where medical issues are not within the ordinary experience and knowledge of lay persons, expert medical testimony is a required element of a prima facie case” (Myers v State of New York, 46 AD3d 1030, 1031 [2007] [internal quotation marks, brackets and citations omitted]; see Tatta v State of New York, 19 AD3d 817, 818 [2005], lv denied 5 NY3d 712 [2005]; Duffen v State of New York, 245 AD2d 653, 653 [1997], lv denied 91 NY2d 810 [1998]).
Claimant did not present any expert evidence demonstrating that the decision to take away the cane deviated from the appropriate standard of care under these circumstances, thereby warranting the dismissal of his claim (see Myers v State of New York, 46 AD3d at 1031; Wood v State of New York, 45 AD3d 1198, 1198 [2007]; Trottie v State of New York, 39 AD3d 1094, 1095 [2007]). Nor did claimant establish that the deprivation of a cane was causally related to his stumble over a floor mat and the injuries that resulted therefrom (see Smith v Maloney, 91 AD3d 1259, 1259 [2012]; Dapp v Larson, 240 AD2d 918, 919 [1997]). Therefore, the Court of Claims properly dismissed the claim.
*1436 We have reviewed the balance of claimant’s arguments and found them to be lacking in merit.
Lahtinen, J.P., Garry and Lynch, JJ., concur.
Ordered that the judgment is affirmed, without costs.