*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 12, 2015                519788
_____

ERIC TOLLIVER,
                    Appellant,

          v                              MEMORANDUM AND ORDER

STATE OF NEW YORK,
                    Respondent.
_____

Calendar Date:  September 9, 2015

Before:  Peters, P.J., Lahtinen, Garry and Rose, JJ.

                    _____


        Eric Tolliver, Fallsburg, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Julie M.
Sheridan of counsel), for respondent.

                    _____


Garry, J.

        Appeal from a judgment of the Court of Claims (McCarthy,
J.), entered January 15, 2014, upon a decision of the court in
favor of defendant.

        Claimant, an inmate, commenced this action seeking damages
for injuries he sustained when he fell on a prison stairway.
Claimant contends that his fall was caused by defendant's
negligent failure to make appropriate accommodations for his pre-
existing leg injury.  The Court of Claims dismissed the claim
following a bifurcated trial on the issue of liability.  Claimant
appeals, and we affirm.

        After being transferred to the Clinton Correctional
Facility in November 2006, claimant filed a grievance seeking
transfer to a different facility on the ground that he had

difficulty negotiating the Clinton facility's stairways due to a prior leg injury. Claimant was advised that the grievance committee had no jurisdiction over transfers, and was directed to raise the issue with his physician and counselor. An orthopedist subsequently recommended that claimant be housed in a "flat area, no stairs," and, as a result, he was transferred to the facility's hospital in February 2007. Claimant immediately filed several grievances and requests for accommodation objecting to this placement, and repeating his request for a transfer to another facility.[1] In March 2007, after raising his complaints with the facility physician, claimant was released from the hospital and returned to the general population. He then requested a job as a porter, a position he had previously held in a different facility. Claimant was assigned to that position and, after performing these duties without complaint for several weeks, fell on a stairway while performing a job-related task.

Upon review, we find no error in the determination that claimant failed to establish any deviation by defendant from the appropriate standard of care by denying his transfer, releasing him from the hospital unit, or assigning him the job of a porter. The release from the unit and subsequent job assignment were based upon claimant's requests. No medical proof was offered in support of his claim that these actions were improper, nor were they shown to be the proximate cause of his later injuries. Therefore, his claim was properly dismissed (see Matter of Knight v State of New York, 127 AD3d 1435, 1435 [2015], lv dismissed 25 NY3d 1212 [2015]; Myers v State of New York, 46 AD3d 1030, 1031 [2007]; Wood v State of New York, 45 AD3d 1198, 1198 [2007]). Claimant's remaining claims have been considered and found to be without merit.

Peters, P.J., Lahtinen and Rose, JJ., concur.

---

[1] Claimant was advised that he would not be deemed eligible for transfer to another facility until August 2007. He did not request an earlier medical transfer from his physician, although he acknowledged having been advised that he could do so.

ORDERED that the judgment is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court