*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 7, 2016                516028
_____

REGINALD G. McFADDEN,
                    Appellant,
        v                                      MEMORANDUM AND ORDER

STATE OF NEW YORK,
                    Respondent.
_____

Calendar Date:  February 8, 2016

Before:  McCarthy, J.P., Egan Jr., Rose, Devine and Clark, JJ.

_____

        Reginald G. McFadden, Attica, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Allyson B.
Levine of counsel), for respondent.

_____

Devine, J.

        Appeal from an order of the Court of Claims (Milano, J.),
entered December 12, 2012, which denied claimant's motion for
partial summary judgment.

        Claimant, an inmate, commenced this action contending that
correction officers used excessive force and assaulted him in
three successive incidents that occurred during a single day.  He
further asserts that defendant thereafter failed to provide him
with appropriate medical care.  He moved for partial summary
judgment on the issue of liability.  The Court of Claims denied
the motion and claimant appeals.

        We affirm.  "Summary judgment is a drastic remedy, to be
granted only where the moving party has tendered sufficient
evidence to demonstrate the absence of any material issues of

fact and then only if, upon the moving party's meeting of this burden, the non-moving party fails to establish the existence of material issues of fact which require a trial of the action" (Vega v Restani Constr. Corp., 18 NY3d 499, 503 [2012] [internal quotation marks, brackets and citations omitted]; see Lacasse v Sorbello, 121 AD3d 1241, 1241-1242 [2014]). Claimant stated in his affidavit that he was subjected to three separate unprovoked attacks by correction officers within a short period of time causing injuries for which he was sent to a hospital outside the facility. In opposition to the motion, defendant submitted affidavits by correction officers involved in the events at issue, and those individuals relay a markedly different version of events. They state that a handheld metal detector indicated that claimant had metal near his groin, after which claimant was escorted without incident to the facility hospital for a body orifice security scan. Once there, claimant suddenly attempted to flee the area. He was subdued following a struggle with the officers, after which a homemade metal weapon was discovered on the floor. Viewed in the light most favorable to defendant as the nonmovant (see Barrett v Watkins, 82 AD3d 1569, 1571 [2011]; Encarnacion v State of New York, 49 AD3d 1038, 1039 [2008]), there are triable issues as to what transpired and whether the force employed by the officers was reasonable.

With respect to claimant's contention that defendant caused additional injuries to him by failing to follow proper medical protocols when he returned from the outside hospital, claimant did not meet his prima facie burden in that he failed to submit any expert proof pertinent to such issue (see Knight v State of New York, 127 AD3d 1435, 1435 [2015], appeal dismissed 25 NY3d 1212 [2015]; Trottie v State of New York, 39 AD3d 1094, 1095 [2007]; Tatta v State of New York, 19 AD3d 817, 818 [2005], lv denied 5 NY3d 712 [2005]). Claimant's remaining arguments have been considered and lack merit.

McCarthy, J.P., Egan Jr., Rose and Clark, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court