■ SAMUEL DAVIS, Appellant, v STATE OF NEW YORK, Respondent. [58 NYS3d 649]—

Rose, J. Appeal from an order of the Court of Claims (Milano, J.), entered April 21, 2016, which, among other things, granted defendant's cross motion to dismiss the claim.

Claimant, an inmate, commenced this negligence action alleging that defendant failed to provide him with adequate

dental care by, among other things, delaying the treatment of his broken tooth. Following joinder of issue, claimant moved for summary judgment and defendant cross-moved for summary judgment dismissing the claim. The Court of Claims denied claimant's motion on the basis that his motion papers were deficient. In addition, the court granted defendant's cross motion, finding that defendant established, as a matter of law, that claimant received adequate medical care and, in opposition, claimant failed to raise an issue of fact. Claimant now appeals.

We affirm. Initially, the Court of Claims properly denied claimant's motion for summary judgment inasmuch as his moving papers did not include a copy of all of the relevant pleadings (see CPLR 3212 [b]; Weinstein v Gindi, 92 AD3d 526, 527 [2012]). Turning to defendant's cross motion, it is well settled that, "where medical issues are not within the ordinary experience and knowledge of lay persons, expert medical opinion is required to establish that defendant's alleged negligence or deviation from an accepted standard of care caused or contributed to claimant's injuries" (Wood v State of New York, 45 AD3d 1198, 1198 [2007] [internal quotation marks, brackets, ellipsis and citation omitted]; see Knight v State of New York, 127 AD3d 1435, 1435 [2015], appeal dismissed 25 NY3d 1212 [2015]). Here, defendant met its initial summary judgment burden through the submission of an expert affidavit of the dentist who ultimately performed dental surgery on claimant. The dentist opined that the medical care provided to claimant did not deviate from the accepted standard of dental care, and he explained the minor delay in treating claimant was due to an infection in claimant's tooth. In opposition, claimant did not present any expert evidence and, instead, relied only upon a conclusory affidavit in which he asserted that he received inadequate dental care. In view of claimant's failure to present an expert medical opinion, we find that Supreme Court properly granted defendant's cross motion for summary judgment dismissing the claim (cf. Knight v State of New York, 127 AD3d at 1435; Welch v State of New York, 105 AD3d 1450, 1451 [2013]; Abascal v State of New York, 93 AD3d 1216, 1217 [2012], lv denied 19 NY3d 805 [2012]; Myers v State of New York, 46 AD3d 1030, 1030-1031 [2007]).

Claimant's remaining contentions, including that defendant violated his constitutional rights, have been considered and determined to be lacking in merit (cf. Matter of Singh v Eagen, 236 AD2d 654, 655 [1997]).

McCarthy, J.P., Egan Jr., Devine and Mulvey, JJ., concur.
Ordered that the order is affirmed, without costs.