DeMaille v State of New York (2018 NY Slip Op 08209)





DeMaille v State of New York


2018 NY Slip Op 08209


Decided on November 29, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 29, 2018

522636

[*1]VINCENT DeMAILLE, Appellant,
v
STATE OF NEW YORK, Respondent.

Calendar Date: October 15, 2018

Before: McCarthy, J.P., Egan Jr., Devine, Clark and Aarons, JJ.


Thomas F. Liotti, Garden City, for appellant.
Barbara D. Underwood, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.



MEMORANDUM AND ORDER
McCarthy, J.P.
Appeals (1) from a judgment of the Court of Claims (Milano, J.), entered April 28, 2015, upon a decision of the court in favor of defendant, and (2) from an order of said court, entered December 7, 2015, which denied claimant's motion for reconsideration.
Claimant, a former state prison inmate, was in the care and custody of defendant from April 2003 to April 2005. He suffered a spinal injury prior to entering defendant's custody, resulting in back surgery by John Galeno, an orthopedic surgeon, in February 2004. In March 2006, claimant filed a claim alleging that, while in defendant's custody, he was not provided adequate medical care to properly address his severe back, leg and ear pain. Defendant moved to dismiss the claim on timeliness grounds. The Court of Claims (Sise, P.J.) granted the motion in part, limiting claimant's causes of action to his allegations that (1) defendant provided claimant with inadequate or incorrect treatment of his ear condition from August 2003 until his release from incarceration, (2) defendant provided claimant with negligent medical treatment of injuries affecting his back and legs from October 5, 2004 to January 4, 2005, and (3) defendant negligently required claimant to perform strenuous work that damaged his health from October 5, 2004 to January 4, 2005.
At trial, claimant testified on his own behalf, and the deposition testimonies of three physicians employed by defendant were admitted into evidence. Claimant unsuccessfully attempted to produce Galeno as a fact witness. The Court of Claims (Milano, J.), having determined that claimant failed to prove any aspect of his claim, entered judgment against him in April 2015. In June 2015, claimant moved to renew and reargue the matter. The court denied the motion as untimely and, in any event, as lacking in merit. Claimant appeals from both the judgment entered in favor of defendant and the order denying his motion for reconsideration.
The Court of Claims properly dismissed the claim for failure of proof. Regardless of whether a claim is characterized as sounding in negligence or medical malpractice, "w here medical issues are not within the ordinary experience and knowledge of lay persons, expert [*2]medical opinion is required to establish that defendant's alleged negligence or deviation from an accepted standard of care caused or contributed to [the] claimant's injuries" (Wood v State of New York, 45 AD3d 1198, 1198 [2007] [internal quotation marks, brackets, ellipsis and citation omitted]; accord Davis v State of New York, 151 AD3d 1411, 1412 [2017]; see Tatta v State of New York, 19 AD3d 817, 818 [2005], lv denied 5 NY3d 712 [2005]). Claimant's testimony and the medical records demonstrate that he repeatedly complained about pain in his back, legs, ear and head, and that defendant sometimes delayed in performing tests and arranging consultations after they were ordered. Claimant also asserts that defendant failed to provide certain ordered items, provided ineffectual medication to address his pain and did not implement Galeno's orders. However, the record does not include any medical proof regarding the appropriate standard of care in relation to treating claimant's ear and back conditions, whether defendant's care fell below that standard or whether any such deviation from the standard of care proximately caused claimant any injury (see Matter of Barnes v State of New York, 158 AD3d 961, 963 [2018]; Knight v State of New York, 127 AD3d 1435, 1435 [2015], appeal dismissed 25 NY3d 1212 [2015]; Trottie v State of New York, 39 AD3d 1094, 1095 [2007]).
Contrary to claimant's assertion, defendant was not subject to a purely ministerial duty to follow Galeno's orders (compare Kagan v State of New York, 221 AD2d 7, 10 [1996]); defendant employed physicians responsible for claimant's primary care after his surgery, who were required to exercise their own medical judgment. Furthermore, claimant did not establish the elements of res ipsa loquitor (see Savio v State of New York, 268 AD2d 907, 908-909 [2000], lv denied 95 NY2d 758 [2000]). Accordingly, claimant did not prove that defendant was negligent in its provision of care.
Claimant did not prove that he suffered injury due to defendant's failure to enforce Galeno's no-work orders. Factually, claimant failed to prove that Galeno had issued any order restricting claimant from working during the relevant time period. Medical records and testimony noted that one of defendant's physicians had determined that such an order was not indicated during that time. In any event, although the record contains proof that, after claimant was released from defendant's custody in April 2005, he learned that two surgical screws in his spine were broken, his lay testimony concerning when and how those screws allegedly broke is speculative (see Tatta v State of New York, 19 AD3d at 818). Without expert medical proof, claimant failed to establish that any injury he sustained was caused by defendant's actions or omissions.
The Court of Claims properly dismissed claimant's federal and state constitutional claims. " [F]ederal constitutional claims may not be asserted in the Court of Claims, given that the statutory basis for such claims, 42 USC § 1983, authorizes claims only against a 'person' and defendant is not a person within the meaning of this statute" (Oppenheimer v State of New York, 152 AD3d 1006, 1008 [2017]; see Haywood v Drown, 556 US 729, 734 n 4 [2009]; Brown v State of New York, 89 NY2d 172, 184-185 [1996]). A claimant's state constitutional claims, which may be asserted in the Court of Claims in only limited circumstances, "are barred when a claimant has an alternative legal remedy to protect his or her constitutional rights" (Oppenheimer v State of New York, 152 AD3d at 1008-1009 [internal quotation marks and citation omitted]; see Blake v State of New York, 157 AD3d 1019, 1020 [2018], lv denied 31 NY3d 905 [2018]). Because claimant could protect his rights through alternative legal remedies — including causes of action in negligence or medical malpractice, or a 42 USC § 1983 action in federal court — the court properly dismissed his constitutional claims (see Blake v State of New York, 157 AD3d at 1020; Oppenheimer v State of New York, 152 AD3d at 1008-1009).
The Court of Claims did not err in denying claimant's posttrial motion. CPLR 2221, which addresses motions affecting prior orders, was not the proper basis for a motion challenging a judgment entered after trial. Even if that statute could have been used in this situation, to the extent that the motion sought to reargue pursuant to CPLR 2221 (d), the motion was untimely (see CPLR 2221 [d] [3]) and, in any event, an order denying such a motion is not appealable (see CPLR 5701 [a] [2] [viii]). To the extent that the motion sought renewal, it was not based on new facts or newly-discovered evidence, and claimant failed to justify his failure to present any [*3]allegedly new facts at the trial (see CPLR 2221 [e] [3]; 5015 [a] [2]). If the motion was predicated on CPLR 4404 (b), it was untimely (see CPLR 4405). Hence, under any possible basis for the motion, the court properly denied it.
Egan Jr., Devine, Clark and Aarons, JJ., concur.
ORDERED that the judgment and order are affirmed, without costs.