Barnes v State of New York (2020 NY Slip Op 07436)





Barnes v State of New York


2020 NY Slip Op 07436


Decided on December 10, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 10, 2020

526821

[*1]Anthony Barnes, Appellant,
v
State of New York, Respondent.

Calendar Date: October 21, 2020

Before: Egan Jr., J.P., Mulvey, Aarons, Pritzker and Colangelo, JJ.


Anthony Barnes, Beacon, appellant pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.



Mulvey, J.
Appeal from a judgment of the Court of Claims (McCarthy, J.), entered March 15, 2018, upon a decision of the court in favor of defendant.
Claimant, a prison inmate, commenced this claim alleging that correction officers assaulted and used excessive force against him, and that defendant's medical personnel failed to treat his injuries in an appropriate and timely manner. Following a trial, the Court of Claims dismissed the claim, finding that claimant failed to establish by a preponderance of the credible evidence that the correction officers assaulted or used excessive physical force against him or that claimant's medical care was inadequate or inappropriate. Claimant appeals.
We affirm. When reviewing a nonjury verdict, this Court has broad authority to independently review the probative weight of the evidence, but we generally defer to the trial court's credibility determinations and factual findings, as that court had the opportunity to observe the witnesses (see Evans v State of New York, 130 AD3d 1352, 1353 [2015], lv denied 26 NY3d 910 [2015]; Shon v State of New York, 75 AD3d 1035, 1036 [2010]). At trial, claimant and two correction officers testified about the incident that allegedly resulted in claimant's injuries, and 46 exhibits were admitted into evidence. Upon our independent review of the record, and accepting the Court of Claims' credibility determinations that favored the correction officers, we conclude that claimant failed to establish that the correction officers' use of force during the incident was "unreasonable or excessive under the circumstances or in violation of any policy or procedure of defendant" (Bush v State of New York, 57 AD3d 1066, 1067 [2008]; see Shirvanion v State of New York, 64 AD3d 1113, 1114-1115 [2009]; Davis v State of New York, 203 AD2d 234, 234 [1994]; see also Correction Law § 137 [5]; 7 NYCRR 251-1.2 [d]).
As to claimant's other cause of action, "[r]egardless of whether a claim is characterized as sounding in negligence or medical malpractice, where medical issues are not within the ordinary experience and knowledge of lay persons, expert medical opinion is required to establish that defendant's alleged negligence or deviation from an accepted standard of care caused or contributed to the claimant's injuries" (DeMaille v State of New York, 166 AD3d 1405, 1406-1407 [2018] [internal quotation marks, brackets and citations omitted]; see Knight v State of New York, 127 AD3d 1435, 1435 [2015], appeal dismissed 25 NY3d 1212 [2015]). Here, expert proof was required to establish the accepted standard of care under the circumstances, whether the treatment rendered to claimant deviated from that standard and whether any deviation caused his injuries (see Knight v State of New York, 127 AD3d at 1435; Trottie v State of New York, 39 AD3d 1094, 1095 [2007]). Inasmuch as claimant failed to present any such expert evidence, the Court of Claims properly dismissed the entire claim (see DeMaille v State of [*2]New York, 166 AD3d at 1407; Barnes v State of New York, 89 AD3d 1382, 1383 [2011], lv dismissed 19 NY3d 949 [2012]; Wood v State of New York, 45 AD3d 1198, 1198 [2007]; see also Matter of Barnes v State of New York, 158 AD3d 961, 963 [2018]).
Egan Jr., J.P., Aarons, Pritzker and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed, without costs.