DeRidder v Omni Electro-Motive Co., Inc. (2021 NY Slip Op 03500)





DeRidder v Omni Electro-Motive Co., Inc.


2021 NY Slip Op 03500


Decided on June 3, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:June 3, 2021

530934
[*1]Claudia Jean Coseo DeRidder, Formerly known as Claudia J. Coseo, Individually and as Shareholder of Omni Electro-Motive Co., Inc., Plaintiff,
v
Omni Electro-Motive Co., Inc., Appellant, et al., Defendants, and Omni Turbine Parts, LLC, et al., Respondents.

Calendar Date:April 29, 2021

Before:Garry, P.J., Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ.

The Crossmore Law Office, Ithaca (Andrew P. Melendez of counsel), for appellant.
Sharon M. Sulimowicz, Ithaca, for respondents.



Aarons, J.
Appeal from an order of the Supreme Court (Keene, J.), entered January 29, 2020 in Tompkins County, which denied a motion by defendant Omni Electro-Motive Co., Inc. for summary judgment on its first cross claim.
Defendant Omni Turbine Parts, LLC (hereinafter Omni Turbine) entered into an asset purchase agreement with defendant Omni Electro-Motive Co., Inc. (hereinafter OEM) and defendant John Franklin DeRidder, OEM's president, wherein Omni Turbine would acquire most of OEM's assets. As part of this transaction, Omni Turbine executed a promissory note in the amount of $200,000 in favor of OEM. Plaintiff, individually and as a shareholder of OEM, commenced this action alleging various claims related to this sale. Defendant Mark Doelling, Omni Turbine's president, and Omni Turbine (hereinafter collectively referred to as the OTP defendants) answered and asserted cross claims against OEM and DeRidder, among others, alleging that they breached the asset purchase agreement. OEM and DeRidder also answered plaintiff's complaint and asserted as their first cross claim that OTP failed to pay the amount due under the promissory note. OEM thereafter moved for summary judgment on its first cross claim. Supreme Court denied the motion. This appeal ensued.
The OTP defendants contend that OEM did not meet its moving burden by failing to include a copy of the pleadings as part of its proffer. Generally, a party's failure to submit the pleadings when moving for summary judgment requires denial of the motion (see CPLR 3212 [b]; Davis v State of New York, 151 AD3d 1411, 1412 [2017]). This defect, however, may be excused where, as here, the record includes the pleadings and is sufficiently complete to address the merits of the motion (see Sanacore v Sanacore, 74 AD3d 1468, 1469 [2010]). That said, the record also contains the promissory note, as well as evidence that Omni Turbine failed to pay the requisite amount due under that note. As such, OEM satisfied its moving burden (see Corning Fed. Credit Union v American Made Tires, Inc., 167 AD3d 1359, 1360 [2018], lv denied 34 NY3d 906 [2019]).
In opposition thereto, the OTP defendants submitted an affidavit from its counsel, the asset purchase agreement and their answer. The OTP defendants rely on certain provisions of the asset purchase agreement providing that Omni Turbine was entitled to a setoff from the amounts due under the promissory note in the event that OEM breached any representations and warranties delineated in the asset purchase agreement. We note that "[a] breach of a related contract is generally not a defense to nonpayment of an instrument for money only" (Fitzpatrick v Animal Care Hosp., PLLC, 104 AD3d 1078, 1080 [2013]). Because, however, the asset purchase agreement and the promissory note were "'inextricably intertwined' as part of the same transaction, a breach of the [asset purchase agreement] may create a defense to payment on the note" (id., quoting Couch White v Kelly, 286 [*2]AD2d 526, 528 [2001]).
Nevertheless, the OTP defendants failed to demonstrate any breach of the asset purchase agreement by OEM. Although DeRidder acknowledged Omni Turbine's right to a setoff, such acknowledgment was a mere recognition of Omni Turbine's rights under the asset purchase agreement in the event that OEM breached it. It was not a concession that a breach of the asset purchase agreement had occurred, especially in view of DeRidder's explicit averment that OEM did not agree that the asset purchase agreement had been breached. The OTP defendants also point to the factual allegations in its answer regarding the purported breaches of the asset purchase agreement. The OTP defendants, however, did not offer proof to substantiate these allegations (see Rector v Calamus Group, Inc., 17 AD3d 960, 961 [2005]). Furthermore, the affidavit of the OTP defendants' counsel lacked probative value given that counsel did not have personal knowledge of the operative facts (see Webb v Albany Med. Ctr., 151 AD3d 1435, 1437 [2017]; Korn v Korn, 135 AD3d 1023, 1025 [2016]). Because the OTP defendants failed to raise an issue of fact, OEM's motion should have been granted.[FN1]
Garry, P.J., Clark, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the order is reversed, on the law, with costs, and motion granted.



Footnotes

Footnote 1: The OTP defendants misplace reliance on Continental Cas. Co. v Cozzolino Constr. Corp. (120 AD2d 779 [1986]) because, unlike here, that case involved the resolution of a motion for an extension of time to serve a reply to a counterclaim.