Dunbar v Women & Children's Hosp. of Buffalo (2023 NY Slip Op 03107)

Dunbar v Women & Children's Hosp. of Buffalo

2023 NY Slip Op 03107

Decided on June 9, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 9, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CURRAN, BANNISTER, AND MONTOUR, JJ.

191 CA 22-01713

[*1]MORGAN JAMIE DUNBAR AND MACNORE CAMERON, PLAINTIFFS-APPELLANTS,
v
WOMEN & CHILDREN'S HOSPITAL OF BUFFALO, AND ITS SUCCESSORS IN INTEREST, INCLUDING CORPORATIONS AND/OR ENTITIES, JOHN R. OISHEI CHILDREN'S HOSPITAL, PREVIOUSLY KNOWN AS WOMEN & CHILDREN'S HOSPITAL OF BUFFALO, KALEIDA HEALTH, INC., GIL MICHAEL FARKASH, M.D., DEBRA M. ERCKERT, R.N., DENISE M. MEISSNER, R.N., KATHARINE . MORRISON, M.D., KATHARINE . MORRISON, M.D., PLLC, THE BIRTHING CENTER OF BUFFALO, DOING BUSINESS AS BUFFALO WOMENSERVICES, LLC, BUFFALO GYN WOMENSERVICES, INC., EILEEN STEWART, CNM, BUFFALO MIDWIFERY SERVICES, PLLC, DEFENDANTS-RESPONDENTS, ET AL., DEFENDANTS. (APPEAL NO. 2.) 

MORGAN JAMIE DUNBAR, PLAINTIFF-APPELLANT PRO SE. 
MACNORE CAMERON, PLAINTIFF-APPELLANT PRO SE. 
CONNORS LLP, BUFFALO (MOLLIE C. MCGORRY OF COUNSEL), FOR DEFENDANTS-RESPONDENTS WOMEN & CHILDREN'S HOSPITAL OF BUFFALO, AND ITS
HOSPITAL OF BUFFALO, KALEIDA HEALTH, INC., DEBRA M. ERCKERT, R.N., AND DENISE M. MEISSNER, R.N. 

 Appeal from an order of the Supreme Court, Erie County (Frederick J. Marshall, J.), entered June 2, 2020. The order, inter alia, granted in part three separate motions to dismiss the fourth amended complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs are the parents of an infant who died shortly after birth, and they commenced this medical malpractice action seeking to recover damages for emotional [*2]injuries that they allegedly sustained as a result of defendants' negligence in providing medical treatment during plaintiff Morgan Jamie Dunbar's labor and delivery of the child. Plaintiffs appeal from an order that, inter alia, granted those parts of the motions of all defendants-respondents except Gil Michael Farkash, M.D. and Katharine V. Morrison, M.D., PLLC (collectively, defendants) seeking to dismiss plaintiffs' claims sounding in ordinary negligence and their cause of action for lack of informed consent against them. We affirm.
Contrary to plaintiffs' contention, Supreme Court properly granted those parts of defendants' motions seeking to dismiss the ordinary negligence claims asserted against them in the fourth amended complaint. Specifically, we conclude that the first three causes of action "sound[] in medical malpractice rather than ordinary negligence [because] the challenged conduct 'constitutes medical treatment or bears a substantial relationship to the rendition of medical treatment by a licensed physician' to a particular patient" (Cullinan v Pignataro, 266 AD2d 807, 808 [4th Dept 1999], quoting Bleiler v Bodnar, 65 NY2d 65, 72 [1985]; see Weiner v Lenox Hill Hosp., 88 NY2d 784, 788 [1996]). Additionally, the first through third causes of action do not sound in ordinary negligence inasmuch as the allegations in the fourth amended complaint with respect to those causes of action involve matters "not within the ordinary experience and knowledge of laypersons" (McDonald v State of New York, 13 AD3d 1199, 1200 [4th Dept 2004] [internal quotation marks omitted]), and thus the parties would be required to proffer expert testimony to establish the relevant standard of care concerning the challenged conduct (see generally B.F. v Reproductive Medicine Assoc. of N.Y., LLP, 136 AD3d 73, 80 [1st Dept 2015], affd 30 NY3d 608 [2017], rearg denied 31 NY3d 991 [2018]; McDonald, 13 AD3d at 1200).
With respect to the cause of action for medical malpractice based on lack of informed consent, we conclude that the court properly granted those parts of defendants' motions seeking to dismiss that cause of action against them. "The right of action to recover for medical, dental or podiatric malpractice based on a lack of informed consent is limited to those cases involving either (a) non-emergency treatment, procedure or surgery, or (b) a diagnostic procedure which involved invasion or disruption of the integrity of the body" (Public Health Law § 2805-d [2]). Here, we conclude that plaintiffs failed to state a cause of action for lack of informed consent because, as pleaded in the operative complaint, "[t]he injuries allegedly sustained . . . were not the result of an invasive procedure, but instead were alleged to have been the result of a negligent failure to undertake or negligent postponing of such procedure"—i.e., defendants' alleged delay in ordering a cesarean section—during an ongoing emergency situation (Jaycox v Reid, 5 AD3d 994, 995 [4th Dept 2004]; see generally Saguid v Kingston Hosp., 213 AD2d 770, 772 [3d Dept 1995], lv denied 87 NY2d 861 [1995], lv dismissed 88 NY2d 868 [1996]).
We have considered plaintiffs' remaining contention and conclude that it does not warrant reversal or modification of the order.
Entered: June 9, 2023
Ann Dillon Flynn
Clerk of the Court