Harris v State of New York (2025 NY Slip Op 50906(U))

[*1]

Harris v State of New York

2025 NY Slip Op 50906(U)

Decided on April 17, 2025

Court Of Claims

Rivera, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 17, 2025
Court of Claims

Gregory Harris Claimant(s)

against
The State of New York, Defendant(s)

Claim No. 141063

Claimant's attorney:
GREGORY HARRIS
Pro Se
Defendant's attorney:
HON. LETITIA JAMES
Attorney General for the State of New York
By: Belinda Wagner, Assistant Attorney General

Walter Rivera, J.

The following papers numbered 1-2 were read and considered by the Court on claimant's motion to strike the defendant's answer and for an award for summary judgment in favor of claimant for the relief demanded in the claim:
Notice of Motion, Claimant's Supporting Affidavit and Exhibits 1
Attorney's Affirmation in Opposition 2
Claim No. 141063 alleges that, on July 8, 2023, at approximately 6:00 p.m., during claimant's incarceration at Eastern NY Correctional Facility, claimant was walking into the recreation yard when he was subjected to an unprovoked attack from behind by at least four unknown incarcerated individuals (Claim ¶ 4). There were allegedly no correction officers in sight to either prevent or stop the attack. The claim alleges that the State was negligent in its failure to post corrections officers in the area to prevent and protect claimant from a foreseeable risk of harm and to stop the attack upon claimant. Additionally, it is alleged that the State was negligent in its hiring, screening, training, retention, and supervision of its correction officers. The claim also alleges that claimant was not provided with adequate medical treatment for the injuries he sustained.
In support of his motion, claimant submits numerous exhibits documenting the incident and claimant's resulting injuries. Notably, the Unusual Incident Report describes the incident as a "2-Man Fight," the memorandum of Correction Officer Robert Phelan describes the incident as "yard fighting" and the investigation by Sergeant F. Waugh describes the incident as an assault upon claimant (Claimant's Exs.).
The State opposes the motion arguing that claimant provides nothing to support his motion for summary judgment and makes no argument other than his belief that he is entitled to summary judgment. The State further argues that claimant's exhibits, which indicate that claimant was involved in a fight with one other incarcerated individual, are inconsistent with the allegations of the claim that claimant was attacked by at least four unidentified incarcerated individuals and that claimant had reported that he did not know why he was attacked (Claimant's Exs., State's Ex. A).
Analysis
Summary judgment is a drastic remedy which should not be granted unless it is made clear by the proponent of the application that there are no genuine issues of material fact (see Andre v Pomeroy, 35 NY2d 361, 364 [1974]). Moreover, summary judgment is "rarely granted in negligence cases since [the] very question of whether [a] defendant's conduct amounts to negligence is inherently [a] question for the trier of fact in all but [the] most egregious instances" [*2](Johannsdottir v Kohn, 90 AD2d 842 [2d Dept 1982]). The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law by tendering sufficient evidence to demonstrate the absence of any material issues of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). "Failure to make such [a] prima facie showing requires a denial of the motion, regardless of the sufficiency of the opposing papers" (Alvarez, 68 NY2d at 324; see Winegrad, 64 NY2d at 853).
It is well settled that the State is required to use reasonable care to protect the incarcerated individuals of its correctional facilities from reasonably foreseeable risks of harm including the risk of attack by other incarcerated individuals (see Flaherty v State of New York, 296 NY 342 [1947]; Littlejohn v State of New York, 218 AD2d 833 [3d Dept 1995]). It is noted that "the State's duty to [incarcerated individuals] does not mandate unremitting surveillance in all circumstances, and does not render the State an insurer of [incarcerated individual] safety . . . [t]he mere occurrence of an [incarcerated individual] assault, without credible evidence that the assault was reasonably foreseeable, cannot establish the negligence of the State" (Sanchez v State of New York, 99 NY2d 247, 256 [2002]; Sanchez v State of New York, 36 AD3d 1065 [3d Dept 2007]). The "defendant's duty is limited to providing reasonable care to protect [incarcerated individuals] from risks of harm that are reasonably foreseeable, i.e., those that defendant knew or should have known" (Vasquez v State of New York, 68 AD3d 1275, 1276 [3d Dept 2009]). Additionally, prison authorities should be afforded deference in matters of internal security and the housing assignments of its incarcerated individuals (see Arteaga v State of New York, 72 NY2d 212 [1988] [correctional facilities have broad discretion in formulating and implementing policies related to maintaining order and security in their facilities]; Matter of Blake v Selsky, 10 AD3d 774, 775 [3d Dept 2004] [Courts generally defer to prison authorities in matters of internal security such as the determination as to whether an incarcerated individual's presence in general population would threaten the safety and security of the facility]).
In the instant case, the Court finds that claimant has failed to establish that the State's answer warrants striking and that he is entitled to an award of summary judgement for the relief demanded in the claim. Rather, the Court finds that there are genuine issues of material fact warranting a trial, including how many individuals were involved in the alleged unprovoked attack and whether the incident was or should have been foreseeable and could have been prevented. 
Additionally, the Court finds that claimant has failed to establish entitlement to an award of summary judgment on his cause of action alleging inadequate medical care. Significantly, claimant failed to present any competent medical evidence, either from a treating physician or from an expert whose opinion was based upon claimant's medical records, to support claimant's allegations of inadequate medical care and claimant's unsubstantiated assertions are insufficient to meet claimant's burden of proof (see Davis v State of New York, 151 AD3d 1411 [3d Dept 2017]; Wood v State of New York, 45 AD3d 1198 [3d Dept 2007]; Wells v State of New York, 228 AD2d 581 [2d Dept 1996]).
Accordingly, claimant's motion to strike the State's answer and for summary judgment is DENIED.